J-S94031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MEDFORD EUGENE YORK JR. | |
| Appellant | No. 1342 MDA 2016 |

Appeal from the PCRA Order July 13, 2016
in the Court of Common Pleas of Lancaster County Criminal Division
at No(s): CP-36-CR-0001542-2000

BEFORE: LAZARUS, RANSOM, AND FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED JANUARY 27, 2017**

Appellant, Medford Eugene York, Jr., appeals *pro se* from the order entered in the Lancaster County Court of Common Pleas dismissing his serial Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant challenges the legality of his sentence pursuant to the United States Supreme Court's decision in ***Alleyne v. United States***, 133 S. Ct. 2151 (2013), which he claims was made retroactive by ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016). We affirm.

The relevant facts and procedural history of this case are as follows. On September 18, 2000, Appellant entered into a negotiated plea agreement

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

in which he pleaded guilty to aggravated assault[2] and criminal conspiracy (aggravated assault),[3] and *nolo contendere* to criminal attempt—homicide,[4] kidnapping,[5] and criminal conspiracy (kidnapping).[6] That same day, the court imposed an aggregate term of twenty to forty years' imprisonment. Appellant did not file post-sentence motions or a direct appeal.

Appellant filed his first PCRA petition *pro se* on August 6, 2002. The PCRA court appointed counsel, who filed a **Turner**/**Finley**[7] "no-merit" letter and leave to withdraw. Thereafter, the PCRA court issued Pa.R.Crim.P. 907 notice and granted counsel leave to withdraw. The PCRA court dismissed Appellant's petition without a hearing on November 14, 2002, and this Court dismissed Appellant's petition for failure to file a brief. Appellant subsequently litigated several unsuccessful PCRA petitions between 2007 and 2010.

On February 19, 2016, Appellant filed the current PCRA petition *pro se*. The PCRA court appointed counsel, who filed a **Turner**/**Finley** "no-merit"

---

[2] 18 Pa.C.S. § 2702(a)(1).

[3] 18 Pa.C.S. § 903(a)(1).

[4] 18 Pa.C.S. §§ 901(a), 2501(a).

[5] 18 Pa.C.S. § 2901(a)(2).

[6] 18 Pa.C.S. § 903(a)(1).

[7] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

letter and leave to withdraw. Appellant filed a *pro se* response to counsel's letter, and the PCRA court issued Rule 907 notice on June 23, 2016. Appellant again responded *pro se*. The PCRA court dismissed Appellant's petition as untimely and granted counsel leave to withdraw on July 14, 2016. Appellant timely filed a *pro se* notice of appeal on July 28, 2016. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied.

Before addressing the merits of Appellant's claim, we examine whether we have jurisdiction. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted). A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." **Commonwealth v. Copenhefer**, 941 A.2d 646, 648 (Pa. 2007) (citations and footnote omitted).

Instantly, Appellant's judgment of sentence became final on October 18, 2000. **See** 42 Pa.C.S. § 9545(b)(3). Thus, his current petition, which

was filed more than fifteen years later on February 19, 2016, is untimely on its face. Appellant asserts, however, that his petition is timely because it was filed within sixty days of **Montgomery**, which he claims held that new constitutional rights recognized by the U.S. Supreme Court are considered retroactive, including the decision in **Alleyne**. **See** 42 Pa.C.S. § 9545(b)(1)(iii). Nevertheless, **Montgomery** affords Appellant no relief because it limited its determination of retroactivity to the U.S. Supreme Court's decision in **Miller v. Alabama**.[8] **Montgomery**, 136 S. Ct. at 723 (referencing **Miller v. Alabama**, 132 S. Ct. 2455 (2012)). Furthermore, Appellant is not currently serving any mandatory minimum sentences.[9] Because Appellant fails to establish a "new constitutional right" applicable to his sentence, we affirm the PCRA court's dismissal of Appellant's petition.

Order affirmed.

---

[8] In **Miller**, the U.S. Supreme Court held that a mandatory sentence of life without parole is unconstitutional for juvenile homicide offenders. **Miller**, 132 S. Ct. at 2457-58. Because Appellant was not sentenced to life without parole, **Miller**, and thus **Montgomery**, are inapplicable.

[9] In **Alleyne**, the U.S. Supreme Court held that any fact that increases the mandatory minimum sentence is considered an "element" of the offense and must be submitted to the jury. **Alleyne**, 133 S. Ct. at 2153. In any event, our Supreme Court's recent decision in **Commonwealth v. Washington** held that "**Alleyne** does not apply retroactively to cases pending on collateral review[.]" **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2017